# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,** )<br>)<br>**Plaintiff,**   )<br>)<br>**v.**   )<br>)<br>**BRADLEY H. BENHAM, III AND JOYCE H. BENHAM,**   )<br>)<br>**Defendants.**   ) | Civil Action Number<br>**2:21-CV-00695-AKK** |

## MEMORANDUM OPINION AND ORDER

The court has for consideration Joyce Benham's motion to transfer venue, doc. 21. Bradley Benham opposes this motion, and the matter has been briefed. *See* docs. 27–28. As explained below, the motion, doc. 21, is due to be denied.

A district court may transfer a civil action to any other district in which the action may have been filed "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The party seeking transfer under § 1404(a) must demonstrate that the alternative venue is one in which the action could have been filed originally and that public and private factors weigh in favor of transfer. *See USAA Life Ins. Co. v. Culver*, No. 2:15-CV-309-WHA, 2015 WL 5918752, at *5 (M.D. Ala. Oct. 8, 2015) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir.

2001)).[1]  "Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue." *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988).

State Farm Life Insurance Company initiated this interpleader action, which concerns the proceeds to a life insurance policy issued in Alabama to Bradley H. Benham, Jr.—the father of Defendant Bradley Benham and the former spouse of Defendant Joyce Benham. *See* doc. 1.  After the policy was issued, the Benhams moved to South Carolina, where they divorced; the father Bradley Benham returned to Alabama, where he primarily resided until his death in 2021. *See* docs. 1 at ¶ 15, 27-1 at ¶¶ 3–4.  Joyce Benham lives in South Carolina, as does the attorney who drafted the divorce agreement between the elder Benhams.[2]  Doc. 21 at ¶ 2.  Bradley Benham, on the other hand, lives in Alabama.  Doc. 1 at ¶ 6.

In sum, the life insurance policy was issued in Alabama, where the decedent paid his premiums for most of his life and later died.  One alleged claimant currently

---

[1] "Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel*, 430 F.3d at 1135 n.1.

[2] Joyce Benham argues that provisions of the South Carolina divorce agreement entitle her to some amount of the life insurance proceeds and that the testimony of the attorney who drafted the divorce agreement will therefore be "critical." *See* docs. 21 at ¶ 5, 28 at ¶ 5.  Bradley Benham, for his part, asserts that the divorce agreement, the life insurance policy, and provisions of Alabama law form the "crux of the parties' dispute," and urges the court to "review these documents on their face without consideration of any testimony of their drafters." Doc. 27 at ¶ 7.

resides in Alabama, and he asserts that Alabama law applies to the life-insurance provision of the divorce agreement. The other alleged claimant lives in South Carolina, where the divorce agreement was drafted by an attorney who still lives there. The court is mindful of Joyce Benham's health concerns and the potential hazards of interstate travel expressed by both parties. Given that the court can utilize video-conferencing technology to convene the parties in their respective home states, the court anticipates that a virtual platform will obviate the inconveniences that an in-person proceeding in either state would present for the parties. Therefore, the court finds that the weight of the factors supports adjudication in this forum, and Joyce Benham's motion to transfer venue is **DENIED**.

The court reminds counsel that they were ordered to provide a proposed scheduling order by September 2, 2021, *see* doc. 20, and they failed to do so. The filing of a motion to transfer or any other motion does not excuse counsel from complying with the court's orders. The court plans to promptly dispose of this matter and expects counsel to give this case the attention it deserves. The court **ORDERS** counsel to confer promptly and submit a proposed scheduling order by September 15, 2021, that has this case ready for trial in December 2021.

**DONE** the 8th day of September, 2021.

                                            _____
                                            **ABDUL K. KALLON**
                                            UNITED STATES DISTRICT JUDGE